# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Pansy Clayton, | ) | |
| | ) | Civil Action No.: 5:16-cv-02467-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Nationwide Mutual Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Nationwide Mutual Insurance Company ("Defendant") filed a motion for summary judgment (ECF No. 21) in this action, which, for the reasons below, the court **GRANTS**.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On May 25, 2016, Plaintiff Pansy Clayton ("Plaintiff") filed her action against Defendant in the Court of Common Pleas for Bamberg County (ECF No. 1-1 at 4-7), which Defendant, on July 8, 2016, removed to this court based on the court's diversity jurisdiction (*see* ECF No. 1 (citing 28 U.S.C. §§ 1332, 1441)). In her complaint, Plaintiff alleges that, in September 2015, she "noticed an accumulation of mold on the ceiling of her home," which, she further alleges "was a result of roof damage due to falling tree limbs" that "caus[ed] moisture to accumulate[,] which was the source of the mold in Plaintiff's home." (ECF No. 1-1 at 4-5.)

Plaintiff also alleges in her complaint that she purchased an insurance policy from Defendant, Policy Number 61 39 DP 112756, which provided property and casualty insurance for her home. (*See id.* at 4; *see also* ECF No. 21-2.) As relevant here, the insurance policy stated:

> We insure against risk of direct loss to property . . . . However, we do not insure loss:
>
>     . . . .

1

    2. caused by:

        . . . .

        g. constant or repeated seepage or leakage of water or steam over a period of weeks, months, or years from within a . . . heating[ or] air conditioning . . . system [or]

        h. . . . .

           . . . .

           (3) smog, rust or other corrosion, mold, wet or dry rot; [or]

    . . . .

    3. excluded under General Exclusions.

(ECF No. 21-2 at 2.) Under the General Exclusions section, the policy states:

    2. We do not insure for loss to property . . . caused by any of the following. . . .

        . . . .

    c. Faulty, inadequate or defective

        . . . .

        (4) maintenance . . . .

(*Id.* at 4.)

In her complaint, Plaintiff alleges that, after she noticed the mold, she filed a claim under the policy. (*See* ECF No. 1-1 at 4). She alleges that "Defendant dispatched an adjuster to inspect" her home, that "Defendant initially denied [her] claim[,] stating that the mold originated from [her] HVAC system and was not the result of roof damage." (*Id.* at 4-5.) Based on Defendant's denial of her claim and on statements made by the adjuster, Plaintiff alleges that she replaced her home's HVAC system and cleaned her home only to have the mold return later. (*Id.* at 5.) She further alleges that a qualified roofer inspected her roof and found that damage to the roof caused moisture

to accumulate in the home, which was the source of the mold growth. (*Id.*) Based on the allegations in her complaint, Plaintiff asserts three causes of action: (1) breach of contract based on Defendant's denial of her claim under the insurance policy; (2) bad faith based on Defendant's unreasonable denial of her claim under the insurance policy, its misrepresentation as to the cause of the mold growth, and its failure to use the requisite degree of care; and (3) misrepresentation based on Defendant's statements that the mold growth was caused by the home's HVAC system rather than roof damage. (*Id.* at 5-6.)

On August 15, 2016, after conferring, the parties consented to an amended scheduling order (*see* ECF No. 9), which the court entered the same day (*see* ECF No. 10.) The amended scheduling order required the parties to make Fed. R. Civ. P. 26(a)(1) initial disclosures by August 15, 2016. (ECF No. 10 at 1.) The order also required Plaintiff to file and serve a document identifying any expert she expected to call as a witness at trial and the subject of that witness' testimony by January 24, 2017, and required Defendant to file and serve such a document by February 27, 2017. (*Id.* at 1-2.) The order further directed that discovery must be completed by March 28, 2017, and that motions for summary judgment must be filed by April 11, 2017 (*Id.* at 2.)

On August 15, 2016, Defendant timely filed its Rule 26(a)(1) initial disclosures, identifying Loren Griswold as an expert witness. (ECF No. 11 at 2.) On February 27, 2017, Defendant timely filed and served a document identifying Griswold and Neil Baer as expert witnesses whom it expected would testify at trial as to the cause of the mold. (*See* ECF No. 18.) Griswold is a third-party investigator who inspected Plaintiff's home soon after she filed her claim under the policy (*see* ECF No. 21-1 at 3), and his report states that the cause of the mold growth was moisture accumulation due to an ongoing, long-term problem with the HVAC system, attributable to a lack of proper maintenance (*see* ECF No. 18-1 at 1-2.) In preparing his report, Baer conducted his own

3

on-site inspection and reviewed, among other things, Griswold's report as well as photographs taken by Defendant's adjuster. (*See* ECF No. 21-1 at 3; ECF No. 18-2 at 4.) Baer's report states that "the mold growth . . . was caused by excessive moisture and water vapor entering the house from the HVAC system and from the crawlspace below the house due to the lack of adequate long-term maintenance of the HVAC system and the long-term excessive moisture problems in the crawlspace" and that "it is unlikely that water intrusion through the roof has contributed to the reported mold growth." (ECF No. 18-2 at 3, 6.)

On April 11, 2017, Defendant timely filed the instant motion for summary judgment. (ECF No. 21.) In its motion, Defendant argues that all three of Plaintiff's causes of action rest on her allegation that roof damage and not any problem with the HVAC system caused moisture to accumulate in her home, which resulted in mold growth. (*See* ECF No. 21-1 at 7-8.) Defendant also argues that expert testimony is required for Plaintiff to prove that roof damage caused the mold growth. (*See id.* at 5-7.) Despite the need for expert testimony as to causation, Defendant asserts that Plaintiff failed to identify an expert witness on the issue by the January 24, 2017 deadline set forth in the amended scheduling order or any time thereafter. (*See id.* at 4.)

In her response to Defendant's summary judgment motion, Plaintiff does not address Defendant's arguments but, instead, raises two procedural grounds for denying summary judgment. (*See* ECF No. 23.) First, she asserts that Defendant failed to comply with her request to depose Griswold on March 27, 2017, which, she argues is fatal to Defendant's motion. (*See id.* at 1.) More specifically, because she has not yet had the opportunity to depose Griswold, Plaintiff argues that she cannot be certain what Griswold's deposition testimony will be or whether his report formed a reliable basis for Baer's subsequent report. (*See id.* at 1-2.) Second, Plaintiff

complains, in passing, that Defendant has failed to engage in mediation, and explains that she would like an opportunity to mediate. (*See id.* at 1.)

In reply, Defendant contends that Plaintiff's arguments regarding Griswold's deposition are insufficient to overcome its summary judgment motion. First, Defendant argues that Plaintiff's attempt to oppose summary judgment on the ground of insufficient fact discovery fails to meet the Fed. R. Civ. P. 56(d) requirements for raising such an opposition. (*See* ECF No. 24 at 5-6.) Second, and relatedly, Defendant argues that only Plaintiff is at fault for her failure to depose Griswold. (*See id.* at 3-5.) In this regard, Defendant asserts that Plaintiff did not serve her notice of Griswold's deposition until, at best, shortly before the close of discovery and points out that Plaintiff's notice does not contain a certificate of service. (*See id.* at 3 (citing ECF No. 23-1).) Defendant also asserts that Plaintiff's notice was insufficient because it was not accompanied by a subpoena and because it required Griswold, who resides in Georgia, to attend a deposition in Orangeburg, South Carolina, which, Defendant contends, is beyond the geographical reach of an appropriate subpoena. (*See id.* at 3 n.1, 4.) Further, despite the notice's asserted deficiencies, Defendant states that it offered to make Griswold available for deposition after discovery ended; however, Defendant states that Plaintiff did not take Defendant up on this offer, and Defendant notes that Plaintiff has not shown that she served a second notice of deposition, a motion to compel Griswold's deposition, a motion to extend the discovery deadline, or taken any other step to depose Griswold. (*See id.* at 4-5.) Third, Defendant argues that it is entitled to summary judgment regardless of Plaintiff's failure to depose Griswold, because Plaintiff failed to adduce any evidence as to causation and Defendant was therefore under no obligation to present its own evidence on causation. (*See id.* at 2-3.) With respect to Plaintiff's argument regarding mediation, Defendant asserts that it notified Plaintiff that

5

it would engage in mediation and that Plaintiff failed to propose a mediator or a time for mediation to occur. (*See id.* at 6.)

## II. LEGAL STANDARD AND APPLICABLE LAW

Summary judgment is appropriate when the materials in the record show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[I]n ruling on a motion for summary judgment, 'the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor.'" *Tolan v. Cotton*, ___ U.S. ___, 134 S. Ct. 1861, 1863 (2014) (per curiam) (brackets omitted) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in her pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324.

Rule 56 permits the filing of a motion for summary judgment before, during, and up to 30 days after the close of discovery unless the court's scheduling order directs otherwise. *See* Fed. R. Civ. P. 56(b); *Zipit Wireless Inc. v. Blackberry Ltd.*, No. 6:13-cv-02959-JMC, 2016 WL 5933975, at *8 n.6 (D.S.C. Oct. 12, 2016); 10A Charles Alan Wright et al., *Federal Practice and Procedure* §§ 2717-2718 (4th ed. 2016). However, "[g]enerally speaking, 'summary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is

essential to [her] opposition.'" *Zipit Wireless*, 2016 WL 5933975, at *10 (brackets omitted) (quoting *Anderson*, 477 U.S. at 250 n. 5). "At the same time, the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Id.* (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). "If a party believes that more discovery is necessary for [her] to demonstrate a genuine issue of material fact, the proper course is to file a Fed. R. Civ. P. 56(d) affidavit stating 'that [she] could not properly oppose a motion for summary judgment without a chance to conduct discovery.'" *Id.* (footnote omitted) (quoting *Evans*, 80 F.3d at 961).[1]

> The Fourth Circuit has warned litigants that it
>
> "place[s] great weight on the Rule 56([d]) affidavit" and that "a reference to Rule 56([d]) and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56([d]) affidavit." Indeed, "the failure to file an affidavit under Rule 56([d]) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate."

*Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (internal citations and quotation marks omitted) (quoting *Evans*, 80 F.3d at 961.)

"Nevertheless, in some cases, courts have held that summary judgment was premature even when the opposing party failed to file a Rule 56(d) affidavit." *Zipit Wireless*, 2016 WL 5933975, at *10 (collecting cases). Thus,

> [w]hen the nonmoving party, through no fault of [her] own, has had little or no opportunity to conduct discovery, and when fact-intensive issues . . . are involved, courts have not always insisted on a Rule 56([d]) affidavit if the nonmoving party has adequately informed the district court that the motion is pre-mature and that more discovery is necessary. Specifically, if the nonmoving party's objections . . . "serve[] as the functional equivalent of an affidavit," and if the nonmoving party was not lax in pursuing discovery, then

---

[1] Rule 56(d) was formerly found at subsection (f) of the same Rule.

7

> [the court] may consider whether [the failure to file a Rule 56(d) affidavit should be excused].

*Harrods*, 302 F.3d at 244-45 (internal citations omitted) (quoting *First Chi. Int'l v. United Exch. Co.*, 836 F.2d 1375, 1380 (D.C. Cir. 1988)). "Excusal is more appropriate if the non-moving party 'provides reasonable notification and explanation for why more time for discovery was necessary or what the parties intended to discover that was not yet in the record.'" *Zipit Wireless*, 2016 WL 5933975, at *10 (internal quotation marks and brackets omitted) (quoting *Dave & Buster's, Inc. v. White Flint Mall, LLLP*, 616 F. App'x 552, 561 (4th Cir. 2015)). Thus, "[a]s a general rule, courts require a party [who has failed to file a Rule 56(d) affidavit] to state what further evidence [she] believes [she] will obtain in discovery and will reject an objection grounded on mere conclusory assertions that discovery would bring unspecified facts to light." *Id.* at *11 (citing *Dave & Buster's*, 616 F. App'x at 561).

### III. ANALYSIS

Defendant argues that, for Plaintiff to succeed on her three causes of action, she must prove that the mold growth in her home was caused by roof damage and that she must do so by proffering expert testimony as to causation. Plaintiff has not challenged Defendant's arguments in this vein. Although Plaintiff's failure in this regard counsels in favor of accepting Defendant's argument, the court declines to go so far as concluding that Plaintiff must prove that the mold growth was caused by roof damage or that she must do so by using expert testimony as to causation. In the court's view, a factfinder's determination that the mold growth was caused by long-term moisture accumulation in the HVAC system resulting from inadequate maintenance would be fatal to all three of Plaintiff's claims. Damage to the home arising in this manner is unambiguously excluded from coverage (*see* ECF No. 21-2 at 2, 4), and Defendant's refusal to pay for damage excluded under the policy terms cannot support a breach of contract claim. *See Morris v. Auto-Owners Ins.*

8

*Co.*, No. 3:16-cv-00880-JMC, 2016 WL 7473430, at *8 (D.S.C. Dec. 29, 2016) ("[The d]efendant is not obligated to make payments for damage not covered by the policy; thus, a claim for breach of contract based on [the d]efendant's failure to make such payments cannot be maintained."); *Regal Leasing Co. v. Am. Motorists Ins. Co.*, 341 S.E.2d 802, 803 (S.C. Ct. App. 1986) ("[T]he cause of action for breach of contract has no merit because . . . [the circumstances are] not covered by the policy.") Further, if the policy excludes coverage for damage caused in this manner, then Plaintiff cannot maintain her cause of action for bad faith refusal to pay because no payment was due under the policy. *See Morris*, 2016 WL 7473430, at *9 (citing *CAMICO Mut. Ins. Co. v. Jackson CPA Firm*, No. 2;15-cv-1823-PMD, 2016 WL 7403959, at *14 (D.S.C. Dec. 22, 2016)). In addition, if the factfinder determined that the mold growth was caused in this manner, Plaintiff could not maintain her cause of action for misrepresentation because Defendant's representation as to the cause of the mold growth could not be false. *See Turner v. Milliman*, 708 S.E.2d 766, 770 (S.C. 2011); *Winburn v. Ins. Co. of N. Am.*, 339 S.E.2d 142, 147 (S.C. Ct. App. 1985). Thus, for purposes of this order, the court concludes that Defendant would be entitled to summary judgment by presenting unrebutted evidence that the mold growth was caused by moisture accumulation due to a long-term problem in the HVAC system resulting from inadequate maintenance.

Here, Defendant has presented evidence—in the form of Griswold's and Baer's expert reports—that the mold growth in Plaintiff's home was caused by moisture accumulation due to long-term problems in the home's HVAC system resulting from inadequate maintenance. Plaintiff has presented no evidence as to the cause of the mold growth and thus has failed to rebut the evidence presented by Defendant. Accordingly, absent a procedural impediment, the court concludes that Defendant is entitled to summary judgment.

Plaintiff attempts to erect two procedural impediments to summary judgment. First, Plaintiff asserts, in two brief sentences, that Defendant has not yet agreed to mediation and that she "would like a mediation with all parties in attendance" and, failing that, "would like . . . a mediation by telephone just to meet th[e mediation] requirement." (ECF No. 23 at 1.) Plaintiff does not develop her argument beyond the bare assertion that Defendant has not agreed to mediate and the bare statement that she prefers to conduct mediation. She offers no explanation as to the relationship between this action's mediation status and the instant summary judgment motion, points to no legal authority addressing the relationship between mediation and summary judgment, and does not even assert that summary judgment would be premature or otherwise improper prior to mediation.

The court has no obligation to fashion arguments for a party or to further develop a party's argument when it is wholly conclusory, unexplained, and unadorned with citation to legal authority. *See State Farm Fire & Cas. Co. v. Morningstar Consultants, Inc.*, No. 6:16-01685-MGL, 2017 WL 2265919, at *3 (D.S.C. May 24, 2017). As a general rule, parties may not outsource their legal research to the court or otherwise foist upon it the necessary legwork to flesh out a legal claim or defense because, by permitting a party to do so, the court edges into the impermissible advocatory role of argument-creator. *See id.* Because Plaintiff fails to sufficiently develop her argument regarding mediation, the court rejects it as a ground for denying Defendant's motion for summary judgment.

Second, Plaintiff argues essentially that summary judgment would be premature because she has not yet deposed Griswold, one of Defendant's experts on the causation issue. Although this amounts to an argument that Plaintiff believes more time is needed for discovery in order for her to demonstrate a genuine dispute on the causation issue, Plaintiff has failed to file the requisite

Rule 56(d) affidavit stating that she could not properly oppose Defendant's summary judgment motion without a chance to conduct further discovery. *See Evans*, 80 F.3d at 961; *Zipit Wireless*, 2016 WL 5933975, at *10. As the Fourth Circuit has stated, in the absence of a Rule 56(d) affidavit, the court may deny summary judgment if the arguments in Plaintiff's opposition to summary judgment serve as the functional equivalent to a Rule 56(d) affidavit and Plaintiff shows she was not lax in pursuing discovery by providing an explanation for why more time is needed and what she intends to discover. *See* citing *Dave & Buster's*, 616 F. App'x at 561; *Harrods*, 302 F.3d at 244-45; *First Chi.*, 836 F.2d at 1380; *Zipit Wireless*, 2016 WL 5933975, at *10-11.

Here, the court concludes that Plaintiff's arguments in her opposition fall far short of what is required. First, even assuming her opposition otherwise satisfies the requirements, Plaintiff has failed to show that she lacked opportunity to pursue the discovery she now seeks to conduct. The face of Plaintiff's complaint itself clearly demonstrates that the cause of the mold growth would be a major, if not the primary, disputed issue of fact at trial, and thus Plaintiff should have been aware that discovery on the issue would be crucial to her success. Plaintiff was aware of Griswold early in the dispute; Defendant identified Griswold as an expert witness on the issue of causation as early on August 15, 2016, and again on February 27, 2017; and the scheduling order permitted Plaintiff to depose Griswold any time before the expiration of the discovery period on March 28, 2017. Thus, Plaintiff had, at a minimum, seven months in which to depose Griswold. Yet Plaintiff fails to explain why this period presented insufficient opportunities in which to conduct a deposition. By itself, Plaintiff's failure to show that she lacked sufficient opportunity to conduct the discovery she now seeks is enough to reject her prematurity argument. *See United States v. Austal USA LLC*, 815 F. Supp. 2d 948 (E.D. Va. 2011) ("[T]he threshold issue is whether the [party

arguing prematurity] had sufficient opportunity to conduct discovery . . . ." (citing *Nader v. Blair*, 549 F.3d 953, 961 (4th Cir. 2008))).

Second, even assuming that Plaintiff lacked the opportunity to depose Griswold, she has failed to show that the lack of opportunity was in no way her own fault. Although she avers that Defendant is at fault for the failure to timely depose Griswold because Defendant did not make Griswold available for deposition, Defendant correctly points out that the only evidence of Plaintiff's efforts to depose Griswold is the notice of deposition she attached to her response to the summary judgment motion. Plaintiff's notice, however, does not contain a certificate of service, and there is no indication in the notice or in Plaintiff's response as to whether or when she served the notice. The court further notes that, despite having at least seven months in which to depose Griswold, Plaintiff's notice scheduled Griswold's deposition for the day before the discovery period ended, which would necessitate an extension of the discovery period in the not unlikely event that the deposition was delayed for any reason. Assuming (although there is little evidence to support the assumption) that Plaintiff served the notice of deposition in a reasonable time, Defendant correctly points out that Plaintiff has failed to show that she took any other step set forth in the Federal Rules of Civil Procedure for ensuring Griswold's appearance at the noticed deposition, such as calling for his attendance at a geographically permissible location or compelling his attendance through a subpoena. Moreover, Plaintiff has failed to show that, after Griswold's noticed deposition did not occur, she took any available steps—such as contacting opposing counsel, filing and serving a second notice of deposition, filing and serving a subpoena, filing a motion to compel Griswold's deposition, or filing a motion to extend the discovery period—before or after the close of discovery to ensure that Griswold was deposed. Because Plaintiff has failed to show that she took reasonably available means to ensure that Griswold was

12

deposed, the court cannot conclude that Plaintiff was not partly to blame for the lack of opportunity to depose Griswold, and the court would reject her prematurity argument on this ground as well. *See Austal USA*, 815 F. Supp. 2d at 960 ("If [the party] did not have sufficient opportunity, the issue is whether [she] was denied that opportunity through no fault of [her] own." (citing *Nader*, 549 F.3d at 961.))

Third, for the same reasons outlined in the previous paragraph, Plaintiff has failed to show that she was not lax in pursuing the discovery she now seeks. *See Harrods*, 302 F.3d at 244. For this reason, the court would also reject her prematurity argument.

Finally, Plaintiff has failed to sufficiently explain what evidence she intends to discover through deposing Griswold that is not already in the record. Plaintiff's only explanation in this regard is that she "is unaware . . . what . . . Griswold will say at his deposition, the kind of witness he will make[,] and . . . whether his findings were reliable enough for . . . Baer to base his findings upon." (ECF No. 23 at 1.) This explanation is precisely the type of "conclusory assertion[]" that has been deemed insufficient because it points only to "unspecified facts" that further discovery might "bring . . . to light." *Zipit Wireless*, 2016 WL 5933975, at *11. Moreover, the court notes that Plaintiff's explanation does not point toward the discovery of evidence that is not already in the record, *see Dave & Buster's*, 616 F. App'x at 561; *Zipit Wireless*, 2016 WL 5933975, at *10, as much of Griswold's expected testimony is already set forth in his expert report, and Plaintiff has offered no reason for the court to believe that he would offer contradictory testimony in a deposition. Plaintiff has failed to offer sufficient explanation as to what evidence not already in the record that she intends to uncover through the additional discovery she seeks, and the court would reject her prematurity argument on this basis as well.

In sum, Plaintiff's arguments that summary judgment is premature because the parties have not engaged in mediation and because she has lacked opportunity to depose Griswold are meritless. Defendant has demonstrated that there is no genuine dispute that the cause of the mold growth in Plaintiff's home excludes it from coverage under the policy, and, therefore, the court concludes that Defendant is entitled to summary judgment on all three causes of action in Plaintiff's complaint.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (ECF No. 21) is hereby **GRANTED**.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Court Judge

June 1, 2017
Columbia, South Carolina